IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50883
Summary Calendar
_____


CHARLIE WILBORN,

                                        Plaintiff-Appellant,

versus

CON CURSEY, Former Sheriff of Bastrop County (1990 - 1991);
JOHN DOE, (1), Former Bastrop County Jail Administrator
(1990 - 1991); JOHN DOE, (2), Former Bastrop County Jail Medical
Paramedic (1990 - 1991); ALBERT N. PFEIFFER, County Appointed
Counsel Represent to Plaintiff,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 95-CV-508
- - - - - - - - - -
June 10, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


        Charlie Wilborn appeals the dismissal of his civil action

pursuant to 28 U.S.C. § 1915(d), contending that his claims under

42 U.S.C. § 1983 and the Rehabilitation Act are not time-barred and

that the district court abused its discretion in denying leave to

amend his complaint to include claims under the predecessor statute

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

of the Americans with Disabilities Act.  We have reviewed the record and Wilborn's brief and conclude that the district court did not abuse its discretion in dismissing the action as frivolous.  We are unpersuaded by Wilborn's contention that his mental incompetence tolled the limitations period.

The appeal, too, is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.

We previously warned Wilborn in Wilborn v. Keel, No. 95-50370 (5th Cir. Dec. 20, 1995) (per curiam), that further frivolous appeals would invite the imposition of sanctions and cautioned him to review any pending appeals to ensure that they did not raise frivolous arguments.  Wilborn has not heeded this warning.  Accordingly, Wilborn is barred from filing any pro se, in forma pauperis civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court that is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court; the clerk of this court and the clerks of all federal district courts in this circuit are directed to return to Wilborn, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTION IMPOSED.